# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICHARD SLATER, IDOC # B78598,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-973-GPM** |
| | ) | |
| **JAMES WATKINS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Richard Slater, a prisoner in the custody of the Illinois Department of Corrections who currently is incarcerated in the closed maximum security prison at the Tamms Correctional Center ("Tamms"), brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by persons acting under color of state law. This case now is before the Court on the matter of possible severance of Slater's claims as set forth in his pro se complaint in this case. Slater's principal claim in this case is that on December 5, 2008, while Slater was being escorted by Defendants James Watkins, George Johnson, and Billy Vaughn, who are prison guards at Tamms, Watkins and Johnson assaulted him without provocation while Vaughn looked on and took no action to prevent or stop the alleged assault. After the assault, Slater alleges, he requested medical attention, but Watkins, Johnson, and Vaughn refused to let him seek treatment. Slater alleges further that, as a result of the assault, he suffered neck pain for thirty days, but Defendant Marvin F. Powers, the medical director at Tamms, refused to treat him. Slater's other claims in his complaint are a laundry list of alleged denials of care by medical staff at Tamms,

chiefly in connection with Slater's diabetes. Slater alleges that on July 25, 2008, Defendant Terry Caliper, the health care unit administrator at Tamms, denied Slater treatment for numbness in Slater's right hand. On August 19, 2008, Slater alleges, Defendant Marilyn Melton, a registered nurse at Tamms, denied Slater medication and treatment for chest pain and an irregular heartbeat. On December 12, 2008, Defendant Brad McCarthy, a licensed practical nurse at Tamms, allegedly denied Slater insulin; Slater claims that McCarthy's conduct was retaliatory. On August 30, 2008, January 26, 2009, and January 28, 2009, Defendant Rhonna Medlin, a registered nurse at Tamms, allegedly denied Slater his medicine because she was "in a rush." On May 27, 2009, Defendant Krissy Watson, a licensed practical nurse at Tamms, allegedly denied Slater treatment for heartburn. On June 12, 2009, Defendant Stacey Williamson, the director of nursing at Tamms, allegedly denied Slater treatment for a problem Slater was suffering from involving "urine dripping," apparently as a result of a prostate condition. On June 12, 2009, Defendant Kathie Butler, a licensed practical nurse at Tamms, allegedly denied Slater an electrocardiogram test, supposedly on the orders of Powers, after Slater experienced irregularity in his heartbeat. On August 9, 2009, Powers allegedly denied Slater treatment for pain in Slater's left knee and right foot caused by Slater's diabetes. On September 19, 2009, Defendant Connie Kerr, a licensed practical nurse at Tamms, declined to draw Slater's blood for the purpose of testing Slater's blood sugar level. Finally, Slater alleges that he was wrongfully denied an Accu-Check test of his blood sugar level by: Watson on April 1, 2009, September 25, 2009, and November 8, 2009; Defendant Shelby Dunn, a registered nurse at Tamms, on April 1, 2009; Kerr on March 31, 2009; Medlin on January 26, 2009, and January 28, 2009; and Defendant Laura Qualls, a registered nurse at Tamms, on January 25, 2010.

In the context of lawsuits brought by prisoners against governmental actors, the United States Court of Appeals for the Seventh Circuit has instructed that, under Rule 18 of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Otherwise, prisoners easily could sidestep the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) (codified in various sections of 28 and 42 U.S.C.), in particular the PLRA's provisions regarding filing fees and its limitations on the ability of vexatious prisoner litigants to proceed in forma pauperis in federal court. *See id*. Rule 18 provides, in relevant part, that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under Rule 18, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, in *George* the Seventh Circuit Court of Appeals reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies with as much force to cases brought by prisoners as it does to any other kind of case. *See id*. Under Rule 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Both of the requirements of Rule 20(a) must be satisfied in order to sustain party joinder under the rule. *See Intercon Research Assocs., Ltd. v. Dresser Indus, Inc*., 696 F.2d 53, 57 (7th Cir. 1982). Correspondingly, "[a] buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed

him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George*, 507 F.3d at 607. The Court has broad discretion to determine when joinder is appropriate. *See Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994). A district court's discretion as to joinder allows it "to consider, in addition to the requirements of Rule 20, 'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'" *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (quoting *Desert Empire Bank v. Insurance Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)) (internal citation omitted). *See also* 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 1653 (3d ed. 1998 & Supp. 2010) (the discretion district courts possess as to matters of joinder "promote[s] judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20") (collecting cases).

In this instance, it appears that Slater's claims against Watkins, Johnson, Vaughn, and Powers in connection with the alleged assault on Slater at Tamms on December 5, 2008, have been misjoined with Slater's other claims against Powers, McCarthy, Melton, Medlin, Williamson, Caliper, Watson, Kerr, Dunn, Butler, and Qualls for supposed deliberate indifference to Slater's medical needs. It is the Court's usual practice, on noting misjoinder of claims or parties in a pro se complaint brought by a prisoner, to advise the prisoner that the Court is contemplating severance of the misjoined claims or parties and to afford the prisoner an opportunity to seek voluntary dismissal of the misjoined claims or parties. *See, e.g., Baker v. Parker*, Civil No. 09-cv-992-JPG, 2010 WL 2164461, at *6 (S.D. Ill. May 28, 2010). In this way, prisoners may avoid the "financial burden"

of a new filing fee if, after severance of a claim or party, a new case must be opened. *Id*. The Court will follow this procedure in this case. Accordingly, Slater is hereby **ADVISED** that the Court is inclined to sever his claims against Watkins, Johnson, Vaughn, and Powers in connection with the alleged assault on Slater at Tamms on December 5, 2008, from Slater's other claims against Powers, McCarthy, Melton, Medlin, Williamson, Caliper, Watson, Kerr, Dunn, Butler, and Qualls for supposed deliberate indifference to Slater's medical needs. If such severance occurs, the severed claims will be removed from this case and opened in a new case. A new case number will be assigned and a separate filing fee will be assessed for the new case. Because the imposition of an additional filing fee may create a financial burden for Slater, he is **further ADVISED** that he may avoid severance – and the imposition of an additional filing fee – by filing a motion for voluntary dismissal of his claims in this case other than his claims against Watkins, Johnson, Vaughn, and Powers in connection with the alleged assault on Slater at Tamms on December 5, 2008, without prejudice within twenty (20) days of the date of entry of this Order. Before filing such a motion for voluntary dismissal, Slater should consider whether he could re-file the dismissed claims without running afoul of the two-year statute of limitations applicable to his claims under 42 U.S.C. § 1983. *See Kalimara v. Illinois Dep't of Corr.*, 879 F.2d 276, 276-77 (7th Cir. 1989); *Thomas v. McElroy*, Civil No. 10-424-GPM, 2010 WL 5089824, at *2 (S.D. Ill. Dec. 8, 2010); *Maxwell v. Village of Sauget, Ill.*, No. 06-451-GPM, 2007 WL 420195, at *3 (S.D. Ill. Feb. 5, 2007).

**IT IS SO ORDERED.**

DATED: May 27, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge