IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICHARD E. SLATER, #B-78598,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 10–cv-973-GPM |
| | ) | |
| **JAMES WATKINS, GEORGE JOHNSON, BILLY VAUGHN, and MARVIN F. POWERS,** | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Richard E. Slater, an inmate in Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a fifteen year sentence for a cocaine offense, and two years for aggravated battery of a peace officer.

Previously, this Court determined that Plaintiff's claims against several Defendants regarding deliberate indifference to his medical needs should be severed into a separate case. Severance was ordered on August 23, 2011 (Doc. 16). The claims remaining in this case stem from a December 5, 2008, incident where Plaintiff alleges excessive force was used against him.

This case is now before the Court for a preliminary review of Plaintiff's remaining claims pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds that Plaintiff's claims cannot be dismissed at this time.

**The Complaint**

On December 5, 2008, Plaintiff was being escorted back to his cell by Defendants Watkins, Johnson, and Vaughn, after a visit to the nursing station to receive insulin (Plaintiff has diabetes). Before leaving the nursing station, Plaintiff had words with Defendant Johnson. Back

at the cell, Defendant Johnson told Plaintiff, "You think something is funny, fat fucker?" (Doc. 1, p. 3). Defendant Johnson then tripped Plaintiff, slamming him into the cell, and forced Plaintiff to the floor. Next, Defendant Johnson "stood" on Plaintiff's neck with his knee (Doc. 1, p. 3). Plaintiff asked Defendant Vaughn to stop the assault, but Defendant Vaughn responded, "You brought it on yourself, Slater" (Doc. 1, p. 3). Defendant Watkins then "pummeled" Plaintiff.

Immediately after the attack, Plaintiff had acute neck pain and body aches. He asked for medical attention, but Defendants Vaughn, Watkins, and Johnson refused to let him see the nurse. Plaintiff then made several written requests for a sick call visit, but alleges that Defendant Powers refused to see him, and told other nursing staff not to give Plaintiff anything. Plaintiff alleges that because of the ongoing pain in his neck and back, he had difficulty sleeping and had to reduce his daily activities, such as walking around his cell, for about thirty days after the assault.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Excessive Force**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault

occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 130 S. Ct. at 1180 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff claims that Defendant Johnson tripped him, forced him to the floor, and stood on Plaintiff's neck with his knee, and that Defendant Watkins pummeled him while he lay on the floor. Whether the force used in this instance was de minimis or was an attempt to cause real harm is not yet capable of being determined. Thus, Plaintiff's claim against Defendants Johnson and Watkins for use of excessive force cannot be dismissed at this time.

In addition, Plaintiff asserts that Defendant Vaughn merely stood by and watched the other officers during their attack on him, and failed to stop the assault despite Plaintiff's pleas for assistance. Plaintiff asserts that Defendant Vaughn is equally liable for his injuries due to his failure to intervene. The Seventh Circuit has examined this issue as it pertains to police officers who fail to intervene when a fellow officer exceeds his authority, and they stated:

> We believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge. That responsibility obviously obtains when the nonfeasor is a supervisory officer to whose direction misfeasor officers are committed. So, too, the same responsibility must exist as to nonsupervisory officers who are present at the scene of such summary punishment, for to hold otherwise would be to insulate nonsupervisory officers from liability for reasonably foreseeable consequences of the neglect of their duty to enforce the laws and preserve the peace.

*Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972); *see also Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases); *Archie v. City of Racine*, 826 F.2d 480, 491 (7th Cir. 1987).

On the basis of this authority, the excessive force claim against Defendant Vaughn likewise cannot be dismissed.

**Count 2 - Deliberate Indifference to Serious Medical Needs**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical

condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837.

Prior to Plaintiff's request to Defendants Johnson, Watkins, and Vaughn that he be allowed to see a nurse, Plaintiff had just sustained a physical attack at the hands of two of these Defendants. Plaintiff asked for medical attention because he had acute neck pain and body aches. Under *Guierrez*, at a minimum, the failure to treat Plaintiff's condition could have resulted in the "unnecessary and wanton infliction of pain." Thus, Plaintiff has sufficiently alleged that he had a serious medical need, and that Defendants Johnson, Watkins, and Vaughn were on notice of his condition and of the risk of harm to Plaintiff.

Although Defendants Johnson, Watkins, and Vaughn are not medical providers, the Seventh Circuit has held that a guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996). Thus Defendants Johnson and Watkins, who perpetrated the assault, and Defendant Vaughn, who failed to intervene to stop it, and then allegedly prevented Plaintiff from getting immediate medical attention for his injuries, may be found liable for deliberate indifference to Plaintiff's need for medical care. At this stage, it cannot be determined whether the actions of Defendants Johnson, Watkins, and Vaughn resulted in Plaintiff being denied medical care or otherwise constituted deliberate indifference to Plaintiff's serious medical needs. Therefore, Plaintiff's claim against these Defendants cannot be dismissed.

As to the deliberate indifference claim against Defendant Powers, the prison doctor, Plaintiff claims that he made several written sick call requests for the acute neck pain and backaches he experienced as a result of the assault by Defendants Johnson and Watkins. However, Defendant Powers allegedly refused to see Plaintiff and told the nursing staff "not to give [Plaintiff] anything" (Doc. 1, p. 3).

If Plaintiff made Defendant Powers aware that he was injured by prison staff and had ongoing pain, but despite knowing this, Defendant Powers refused to treat Plaintiff, then Defendant Powers' actions could constitute deliberate indifference. Not only may a defendant be liable for failure to examine or treat an inmate under these circumstances, but even "[a] delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper*, 97 F.3d at 916; *Perkins v. Johnston*, 431 F. Supp. 2d 898, 901-02 (N.D. Ind. 2006). .

Accordingly, Plaintiff's deliberate indifference claims against Defendants Johnson, Watkins, Vaughn, and Powers survive review at this juncture.

**Disposition**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **WATKINS, JOHNSON, VAUGHN,** and **POWERS** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the

forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the*

*parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** September 13, 2011

*/s/ G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge