## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD E. SLATER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-973-GPM |
| | ) |
| JAMES WATKINS, GEORGE JOHNSON, | ) |
| BILLY VAUGHN, and MARVIN F. | ) |
| POWERS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently an inmate at Tamms Correctional Center ("Tamms"), filed this action under 42 U.S.C. § 1983 claiming excessive force and deliberate indifference to serious medical need.  Defendant Marvin F. Powers, who is a physician employed by Wexford Health Sources, Inc, and was a treating physician and medical director at Tamms, filed a motion for summary judgment based on qualified immunity (Doc. 42) which is currently before the Court.  Plaintiff has filed a response to the motion (Doc. 54).  For the reasons set forth below, Defendant Marvin F. Powers's motion is **GRANTED**, and Defendant Powers is **DISMISSED** from this action with prejudice.

### Factual Background

Plaintiff alleges that on December 5, 2008, while being escorted back to his cell, Defendants Watkins, Johnson and Vaughn assaulted him, resulting in neck and body pain, then refused to allow a nurse to examine him (Docs. 1, 17).  Plaintiff also alleges that he made written requests for medical treatment to Defendant Powers, but Powers denied Plaintiff's requests and directed Tamms

nursing staff to deny Plaintiff medication.  Plaintiff claims that the pain he experienced from the assault lasted for approximately 30 days and was so intense that he was unable to stand or walk around his cell without discomfort (Doc. 1, p. 4).

Plaintiff's medical records indicate that on December 6, 2008, at 4:15 a.m. he declared a hunger strike because he "want[ed] a regular diet" (Doc. 43-3, p. 1-3).  Medical staff observed Plaintiff every few hours.  He ended his hunger strike at 4:10 p.m. the same day.  None of the medical observation notes contain complaints about his neck or other pains.  At 9:00 p.m. on December 6, 2008, an unidentified nurse noted that Plaintiff had "no other complaints at this time" (Doc. 43-3, p. 5).  On December 7, 2008, Plaintiff requested and was given Tylenol, but he did not complain of neck or back pain (Doc. 43-4, p. 1).  He continued to be monitored by medical staff on December 8, 2008.  He made no complaints about the December 5, 2008 use of excessive force, or of pain in his neck on that day (Doc. 43-4 and 43-5).

On December 12, 2008, C. Malone, RN, examined Plaintiff.  Plaintiff complained of severe pain on the left side of his neck and in his left shoulder.  He described the pain at ten on a scale from one to ten.  The nurse, however, indicated Plaintiff was laughing and joking with officers during nurse sick call, and he displayed no grimacing or guarding (Doc. 43-6, pp. 1-2).  He also complained of numbness in his right hand and on the right side of his face.  The nurse referred Plaintiff "to MD next available line" (Doc. 43-6, p. 3).

Defendant Powers saw Plaintiff on December 15, 2008 (Doc. 43-1, Exh. A, Powers Affidavit).  Plaintiff complained of numbness on the right side of his face and left shoulder pain.  Dr. Powers noted, "there is no evident deformity of left shoulder, not tender, not reflecting any discomfort, is cuffed behind back."  Dr. Powers did not prescribe any medications (Doc. 43-7).

In response to the motion for summary judgment, Plaintiff asserts by declaration that Defendant Powers did not examine him in December 2008, and the medical record showing an exam occurred were falsified.   Plaintiff declares that he personally gave medical request slips to nurses who visited his wing on December 5, 8, 12, 16, 22, 27, and 31, 2008, and January 5, 2009. Plaintiff states that the medical request slips made Defendant Powers aware that he was in "agonizing and acute" pain, yet Dr. Powers refused to treat him.    Further, Plaintiff claims Defendant Powers instructed the nursing staff at Tamms to deny him pain medication.  Plaintiff maintains that in November 2008, Defendant Powers told him that he had never lost a lawsuit because "it is so easy to go back and change a medical report to look like it's authentic."  Plaintiff also claims that all of the medical records submitted with the motion for summary judgment by Defendant Powers, including nurses' treatment notes, were falsified.   Plaintiff asserts that he did not receive any medical treatment until January 2009, at which time a nurse prescribed Ibuprofen for pain (Doc.

54, pp. 15-18).

Plaintiff also submits the affidavit of fellow inmate Donny White.   White avers that Dr. Powers told him he falsified medical records and that he taught the nurses at Tamms to falsify records.   A nurse told White that Defendant Powers instructed the nurses to routinely falsify medical treatment notes to avoid lawsuits.   White further avers that Tamms nurses told him that Defendant Powers told them not to treat Plaintiff, except for providing him with his insulin shots (Doc. 54, pp. 19-20).

### Discussion

The standard applied to summary judgment motions filed under Rule 56 is well-settled and

has been succinctly stated as follows.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party.  Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial.  The evidence must create more than some metaphysical doubt as to the material facts.  A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted).  "We often call summary judgment, the 'put up or shut up' moment in litigation, by which we mean that the non-moving party is required to marshal and present the court with the evidence she contends will prove her case.  And by evidence, we mean evidence on which a reasonable jury could rely."  *Goodman v. National Security Agency, Inc.,* 621 F.3d 651, 654 (7th Cir.2010).

Here, Defendant Powers claims that there is no Eighth Amendment violation for deliberate indifference to serious medical needs and he is therefore entitled to qualified immunity.  "Generally, qualified immunity protects government agents from liability when their actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  This involves two questions: (1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendant violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation.  Whether the defendants are entitled to qualified immunity will depend on what constitutional affronts the plaintiffs argue."  *Hernandez v. Cook County Sheriff's Office,* 643 F.3d 906, 914 (7th Cir. 2011) ( internal quotations and citations

omitted).  To prevail on a claim of deliberate indifference to a serious medical need, Plaintiff must first show that his condition was "objectively, sufficiently serious" and that the prison official acted

with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-653 (7th Cir. 2005) (citations and quotation marks omitted).  "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), *quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976).

"The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985).  Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987).  Prison officials are not liable under the Eight Amendment's "cruel and unusual punishments" clause unless the official "knows of and disregards" a risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  To amount to deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*  A prison official's "failure to alleviate a significant risk, that he should have perceived but did not, while no cause of commendation, cannot under our cases be condemned as the infliction of punishment." *Id.*

Based on these standards and upon consideration of the facts in the light most favorable to the Plaintiff, the Court finds that Plaintiff has failed to establish that Defendant Powers acted with deliberate indifference to Plaintiff's injuries and subsequent pain.  That is, even taking Plaintiff's version of events as true, the facts do not show that Defendant Powers violated Plaintiff's constitutional right.  Thus, Defendant Powers is shielded from liability by qualified immunity. *See Pearson,* 555 U.S. at 245

(holding defendant entitled to qualified immunity where 'unlawfulness' of his conduct was not clearly established).

Plaintiff states that he gave medical request slips to nurses who visited his wing in December 2008 and January 2009. He infers that the request slips alerted Defendant Powers to Plaintiff's injuries and pain. Plaintiff, however, offers no proof that Defendant Powers saw the request slips. Thus, Plaintiff cannot show that Defendant Powers was aware of his injuries. Defendant Powers could not have acted with deliberate indifference to Plaintiff's pain if he was not even aware of it.

Even if Defendant Powers had falsified the records to show that he saw Plaintiff in December 2008, it is not clear that his conduct would be unconstitutional. To violate the constitution, Defendant Powers would have to have caused the unnecessary and wanton infliction of pain or to have consciously disregarded a risk of harm. Plaintiff declares that Defendant told him he had never lost a prisoner lawsuit because it is so easy to alter medical records. While egregious if true, this statement does not demonstrate that Defendant Powers violated Plaintiff's Eighth Amendment rights. Plaintiff needs to show that Defendant was aware of his injuries and turned a blind eye to them. The alleged statement by Defendant does not speak to whether was Defendant was aware of or ignored *Plaintiff*'s injuries. Per that alleged statement, Defendant Powers sought to avoid lawsuits–the statement does not show the intent to cause harm or unnecessary pain to prisoners, much less to Plaintiff specifically.

Plaintiff also claims that Defendant Powers instructed nurses at Tamms to falsify medical records, and therefore, the nurses falsified all of his medical records from December 2008. Plaintiff provides no support for this logical leap. Even were the Court to accept that nurses at Tamms falsified Plaintiff's December 2008 medical records, we are still without a showing that Defendant Powers was aware of the falsification of Plaintiff's records or was aware that such falsification caused Plaintiff harm.

Neither does the affidavit of Donnie White demonstrate that Defendant Powers violated Plaintiff's constitutional rights. White corroborates Plaintiff's allegations of a conspiracy amongst Tamms medical staff to falsify records. This simply does not get Plaintiff any closer to demonstrating

that Defendant Powers was aware of Plaintiff's injuries or acted with deliberate indifference to those injuries.

### Conclusion

Plaintiff has not made out an Eighth Amendment claim against Defendant Powers. This Defendant is thus shielded from liability by the doctrine of qualified immunity, and the motion for summary judgement at Doc. 42 is **GRANTED**. Defendant Power's second motion for summary judgment at Doc. 56 will be termed as moot. Defendant Marvin F. Powers is **DISMISSED** from this action with prejudice.

**IT IS SO ORDERED.**

DATED: September 14, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge