IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD E. SLATER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-973-GPM |
| | ) |
| JAMES WATKINS, GEORGE JOHNSON, | ) |
| and BILLY VAUGHN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Defendants James Watkins, George Johnson, and Billy Vaughn's motion for summary judgment (Doc. 61). Defendants filed their motion on June 8, 2012. In the nine-plus months since the motion for summary judgment was filed, Plaintiff has failed to enter any response. Pursuant to Local Rule 7.1(c), the Court deems that Plaintiff has acceded to the merits of Defendants' motion for summary judgment. UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 7.1(c) ("Failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."). The Court therefore **GRANTS** Defendants' motion for summary judgment--this action will be dismissed with prejudice.

Defendants are also entitled to summary judgment on the merits. Defendants argue they are entitled to qualified immunity and that Plaintiff has failed to show any Eighth Amendment violations (Doc. 62).

**Factual Background**

Pursuant to 42 U.S.C. § 1983, Mr. Slater alleges that Defendants Watkins, Johnson, and Vaughn used excessive force against him on December 5, 2008 in violation of the Eighth Amendment. Plaintiff also claims that these Defendants prevented him from seeking medical attention for the resultant injuries to his neck and body.

Plaintiff states that on December 5, 2008, Defendants Johnson, Vaughn, and Watkins escorted him to the healthcare unit after he returned from surgery at Heartland Hospital (Richard Slater Deposition pp. 8-9). Plaintiff described that he was harassing a nurse, Jan Miller, when Defendant Johnson interrupted, warned Plaintiff not to "get smart," attempted to remove the leg irons Plaintiff had on, then when Plaintiff asked them "What the fuck you trying to manhandle me for?", Defendants Johnson and Watkins "slammed" Plaintiff to the floor on his left side. Plaintiff's face and shoulder made contact with the concrete floor. Plaintiff describes Defendant Vaughn as "just standing there." (*Id.* at 10-12). Plaintiff indicated that Johnson had his knee on Plaintiff's neck and face and had raised his handcuffed hands up into the air behind him (*Id.* at 15-16). He also stated that Defendant Watkins had his knee on Plaintiff's right temple (*Id.* at 16). He was held on the floor for five minutes and during this time period Plaintiff and Defendants were cursing, Defendants were telling Plaintiff to stop resisting and fighting back, and Plaintiff lastly said "'Well, you might as well kill me, bitches.'" (*Id.* at 17-18). Johnson and Watkins then picked Plaintiff up, placed him in a cell in the healthcare unit, and took off his handcuffs (*Id.* at 18, 20).

As a result of Defendants' actions, Plaintiff states that his "shoulder is out of place," that his neck "still has major pains," and that he had a "big knot" on his head (*Id.* at 31). The following evening, on Saturday December 6, 2008, Plaintiff "wrote a sick call to see Dr. Powers"

(*Id.* at 26). However, throughout Friday and Saturday it appears that Plaintiff refused medical care (*Id.* at 35-37). On December 15, 2008, Plaintiff's shoulder was x-rayed but, because the x-ray indicated it was healing, no treatment was prescribed (*Id.* at 46).

In May, 2009, Dr. Powers removed a "knot" from Plaintiff's head, though Mr. Slater claims he still suffers from shoulder pain and neck pain from "like a pinched nerve or something" that limits his movement sometimes and causes pain (*Id.* at 49, 51, 53). Plaintiff did not elaborate in what manner Defendants prevented him from seeking medical care.

**Legal Standards**

The standard applied to summary judgment motions filed under Rule 56 is well-settled and has been succinctly stated as follows.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted). "We often call summary judgment, the 'put up or shut up' moment in litigation, by which we mean that the non-moving party is required to marshal and present the court with the evidence she contends will prove her case. And by evidence, we mean evidence on which a reasonable jury could rely." *Goodman v. National Security Agency, Inc.,* 621 F.3d 651, 654 (7th

Cir.2010).

To prevail on a claim of deliberate indifference to a serious medical need, Plaintiff must first show that his condition was "objectively, sufficiently serious" and that the prison official acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-653 (7th Cir. 2005) (citations and quotation marks omitted). "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), *quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985). Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Prison officials are not liable under the Eight Amendment's "cruel and unusual punishments" clause unless the official "knows of and disregards" a risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To amount to deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A prison official's "failure to alleviate a significant risk, that he should have perceived but did not, while no cause of commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* "Even if the defendant recognizes the substantial risk, he is free from liability if he 'responded reasonably to the risk, even if the harm ultimately was not averted.'" *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010), *quoting* Farmer, 511 U.S. at 843).

"Generally, qualified immunity protects government agents from liability when their

actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. This involves two questions: (1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendant violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation. Whether the defendants are entitled to qualified immunity will depend on what constitutional affronts the plaintiffs argue." *Hernandez v. Cook County Sheriff's Office,* 643 F.3d 906, 914 (7th Cir. 2011) ( internal quotations and citations omitted). To ascertain whether there was excessive force unconstitutionally used against Plaintiff, the Court is guided by the following standard:

> The Cruel and Unusual Punishment Clause of the Eighth Amendment prohibits the unnecessary and wanton infliction of pain on prisoners. What constitutes and unnecessary and wanton infliction of pain, however, varies according to the nature of the alleged constitutional violation. In excessive force cases, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. A court should examine a variety of factors in conducting this inquiry, including the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner. With regard to the last of these factors, while significant injury is not required, a claim ordinarily cannot be predicated upon a de minimus use of physical force. Thus, not every push or shove by a prison guard violates a prisoner's constitutional rights.

*DeWalt v. Carter,* 224 F.3d 607, 619-620 (7th Cir. 2000) (internal citations and quotations omitted).

**Discussion**

Mr. Slater has not described a malicious or sadistic act of disproportionate force by the Defendants. He was harassing medical staff, he resisted Defendants' redirection, and Defendants responded. His injuries were de minimus. With respect to the claim that Defendants prevented him from receiving healthcare for his injuries, Plaintiff testified that Defendants Vaughn and

Watkins came to talk to him after the incident but he ignored them (Slater Dep. p. 17, 21-21). He also states that he had no further discussing with Defendant Johnson (Slater Dep. p.p. 27-28). There is also evidence that Plaintiff was located in the healthcare unit, that he saw a nurse at least twice a day and that he was examined by Dr. Powers on a number of occasions. There is no evidence that any of Defendants hindered Plaintiff's ability to receive healthcare.

**Conclusion**

Mr. Slater fails to show any constitutional violation by Defendants. Defendants' motion for summary judgment is therefore **GRANTED.**

**IT IS SO ORDERED.**

**DATED**: March 28, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge